IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO
CIVIL DIVISION

Daniel Lee Pierson
499 Maple Drive
Columbus, Ohio 43228

    Plaintiff,

v.

USIS Commercial Services, Inc.
7799 Leesburg Pike, Suite 1100 North
Falls Church, VA 22043

and

HireRight
4500 South 129th East Avenue, Suite 200
Tulsa, OK 74134-5885

    Defendants

Case No.  09CVH 7 10594

Judge

FILED
2009 JUL 16 AM 10:40
CLERK OF COURTS
COMMON PLEAS COURT
FRANKLIN CO. OHIO

## COMPLAINT

### I. FACTS

1. Plaintiff, Daniel Lee Pierson, is a commercial truck driver.

2. In the commercial trucking industry, employers engage in an industry-wide practice of reviewing a detailed consumer report for every potential driver, including an industry-specific "DAC report," driving history, and criminal history, before hiring.

3. Defendant USIS Commercial Services, Inc. ("USIS") and its wholly-owned subsidiary, defendant HireRight, are the principal suppliers of consumer reports for the commercial trucking industry.

4. In 2005, plaintiff was denied a job because, in addition to accurate information about plaintiff, information relating to another person named Daniel Lee Pierson appeared on the consumer report that USIS provided to plaintiff's potential employer. The other Daniel Lee Pierson, who also shares plaintiff's birthday, had several recent drug-related felony convictions in Green County Missouri and had a poor driving record. Plaintiff was told by his potential employer that he was not being hired due to the Green County Missouri arrests.

5. At the time USIS provided plaintiff's potential employers with consumer reports containing the criminal history and driving record of the other Daniel Lee Pierson, defendants knew that the two men did not share the same social security number and were not the same person.

6. After he learned that he was having difficulty finding employment due to inaccurate information on the consumer reports provided to his potential employers by USIS, Mr. Pierson called USIS, explained the situation, and requested that the company remove the inaccurate information from his consumer report.

7. USIS refused to investigate or remove the inaccurate information and continued to distribute consumer reports to plaintiff's potential employers that contained false and damaging information about plaintiff.

8. In late 2005, plaintiff sent his fingerprints to the Missouri State Highway Patrol, Criminal Records and Identification Division, which serves as the State Central Records Repository for criminal record information. After running plaintiff's fingerprints, the Missouri State Highway Patrol was able to confirm that plaintiff had no criminal record in the state of Missouri.

9. On September 28, 2005, Timothy P. McGrail, Captain of the Missouri State Highway Patrol Criminal Records and Identification Division, sent a notarized letter to USIS explaining that plaintiff did not have a criminal record in Missouri. Captain McGrail sent his letter to USIS at 4500 South 129th East Avenue, Suite 200, Tulsa, OK 74134-5885, which is now the address of USIS' HireRight division.

10. After receiving the September 28, 2005 letter from Captain McGrail, USIS failed to investigate the accuracy of the disputed information and continued to include false information on plaintiff's consumer report, including the felony drug arrests from Green County Missouri.

11. In 2008, plaintiff learned that defendants were continuing to include information relating to the other Daniel Lee Pierson in plaintiff's consumer report, despite the letter that Captain McGrail had sent to USIS. Plaintiff learned that the information was still appearing on his consumer report when he was told by a potential employer that discrepancies between his statements during his job interview and information contained in his consumer report prevented him from being hired.

12. After hearing that there were discrepancies between his consumer report and his interview, plaintiff requested a copy of his current consumer report from USIS.

13. On May 6, 2009, plaintiff received a copy of his consumer report from HireRight, which now handles all of USIS' commercial trucking consumer reports. The copy of the report plaintiff received on May 6, 2009 still contained information about the other Daniel Pierson, including the arrests from Green County Missouri.

## II. CLAIMS FOR RELIEF

### A. DEFENDANTS HAVE VIOLATED THE FAIR CREDIT REPORTING ACT

14. Paragraphs 1-13 are realleged and incorporated herein.

15. By including the criminal history and other information relating to another Daniel Lee Pierson in plaintiff's consumer reports, despite defendants' knowledge that the two men have different social security numbers and are not the same person, defendants have violated section 607(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b).

16. Because defendants continued to include information regarding the Green County Missouri drug arrests of the other Daniel Lee Pierson in plaintiff's consumer reports after defendants were specifically informed by both plaintiff and the Missouri police that plaintiff did not have a criminal record in the state, defendants' violation of plaintiff's rights under the Fair Credit Reporting Act was willful and malicious.

17. Defendants also violated the Fair Credit Reporting Act by failing to reinvestigate the information disputed by plaintiff and to delete the inaccurate information, as required by 15 U.S.C. § 1681i.

18. Due to defendants' actions, plaintiff has been denied employment opportunities and has suffered mental and emotional distress.

**B.   DEFAMATION**

19. Paragraphs 1-18 are realleged and incorporated herein.

20. By telling plaintiff's potential employers that plaintiff had serious felony convictions in Green County Missouri, even though defendants knew that plaintiff did not have a criminal record in Missouri, defendants defamed plaintiff.

21. Defendants also defamed plaintiff by knowingly including other information relating to the other Daniel Lee Pierson in the consumer reports on plaintiff that they provided to plaintiff's potential employers.

22. Due to defendants' defamatory statements, plaintiff has been denied employment, has suffered mental and emotional distress, and has suffered damage to his personal and professional reputation.

**WHEREFORE**, plaintiff requests that he be awarded actual damages and punitive damages in an amount that exceeds $25,000, costs, and reasonable attorney's fees.

_/s/ Alexander M. Spater_
Alexander M. Spater (0031417)
SPATER LAW OFFICE
360 South Grant Avenue
Columbus, Ohio 43215
Phone: (614) 222-4734
Fax:    (614) 222-4738
sspater@spaterlaw.com

## JURY DEMAND

Plaintiff requests a trial by jury.

_/s/ Alexander M. Spater_
Alexander M. Spater (0031417)